IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                               CIV 05-0630 JP/KBM
                                                                       CR 03-2570 JP

FILBERTO GONZALES-ARROYO,

    Defendant-Movant/Petitioner.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Filberto Gonzalez-Arroyo's petition seeking habeas relief under 28 U.S.C. § 2255.[1] The United States asserts that the petition is untimely or, alternatively, without merit. *See Doc. 16.* Because it is possible to resolve the issues on the pleadings, and the record establishes

---

[1] Motions to vacate under § 2255 are often referred to as "petitions," and for ease of reference that is the term I will use. *E.g., Purvis v. Wiley,* 2007 WL 196550 at **1-2 (10th Cir. 2007) (defendant filed a "motion . . . to vacate . . . pursuant to . . . § 2255, . . . A § 2255 petition attacks the legality of a conviction"); *see also, e.g., Medberry v. Crosby,* 351 F3d 1049, 1058 (11th Cir. 2003) (the "two distinct means of securing post-conviction relief in the federal courts" are applications for a writ of habeas corpus under §§ 2241 and 2254, and motions to vacate a sentence under § 2255, and because "the post-conviction statutes are complicated and cumbersome" the court "often found it convenient to refer . . . simply to '§ 2241 petitions,' '§ 2254 petitions,' and '§ 2255 petitions,'" but recognized there are "important distinctions between the two post-conviction remedies"), *cert. denied,* 541 U.S. 1032 (2004).

conclusively that he is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., United States v. Mendez-Zamora,* 2007 WL 970155 at *2 (10th Cir. 2007) ("when a § 2255 petition can be resolved on the record . . . no evidentiary hearing is necessary" citing *United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988)). Having considered the entire record (including the transcripts of the plea and sentencing that were transcribed and filed in the criminal matter at my request), I recommend that the petition be denied as untimely and, alternatively, as without merit.

Petitioner and his co-defendant Victor Ochoa[2] were indicted for conspiracy to distribute more than fifty grams of a mixture and substance containing methamphetamine (Count I) and two counts of actual distribution – less than fifty grams on one day (Count II) and more than fifty grams on another day (count III). *See United States v. Arroyo-Gonzalez, et al.*, CR 03-2570 JP (Doc. 11). They both pleaded guilty to the conspiracy count and waived direct appeal. *See id.* (Docs. 26, 51, paragraphs 3, 10(a)). The other counts were dismissed pursuant to the plea agreements. *See id.* (Doc. 55, 44).

The written judgment against Petitioner was entered on Friday, July 9, 2004.

---

[2] Ochoa is also known as Antonio Aquirre-Mora and that is the name used on his judgment and sentence. *See United States v. Arroyo-Gonzalez & Ochoa*, CR 03-2570 JP (Doc. 56).

*Id.* (Doc. 45). He did not appeal, so for statute of limitations purposes his conviction became final ten days later (excluding weekends) on July 23, 2004. Therefore, to be timely, his § 2255 petition was due by July 23, 2005.[3]

Arroyo's original *pro se* petition was filed within a few weeks of that deadline, on June 6, 2005. He raised four claims, but because that document did not set forth the factual basis for his claims, I ordered him to do so. *See Doc. 3.* When Petitioner failed to respond, Senior District Judge James Parker dismissed the case without prejudice on September 7, 2005. *See Docs. 5-6.*

Almost a year later, on August 14, 2006, Arroyo filed a *pro se* "motion to reopen." *Doc. 7.* This Court construed the pleading as a "successive petition" and transferred it to the Tenth Circuit for disposition. The Tenth Circuit disagreed with the characterization of the pleading and remanded. In doing so, the panel "express[ed] no opinion on the substantive merit or procedural viability of any claims." *Doc. 10* at 5.

When this Court dismissed the first petition without prejudice, the statute of limitations had already expired. In his motion to reopen, Petitioner stated it "was

---

[3] *E.g., United States v. Ruiz-Carranza,* 182 Fed. Appx. 764, 765 (10th Cir. 2006); *see also e.g., Clay v. United States,* 537 U.S. 522, 524 (2003); *United States v. Hurst,* 322 F.3d 1256, 1261 (10th Cir. 2003); *United States v. Burch,* 202 F.3d 1274, 1278 (10th Cir. 2000); *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999).

not [his] fault" that the memorandum was never filed because he does "not speak English" and that the "inmate helping [him] did not follow-up the Court's order with the requested brief." *Doc. 7.*

Yet, "[l]ack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the AEDPA limitations period." *United States v. Cordova,* 1999 WL 1136759 at *1 (10th Cir. 1999) (citing *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 528 U.S. 1007 (1999)); *see also United States v. Alvarado-Carrillo,* 43 Fed. Appx. 190, 192 (10th Cir. 2002) (although status as a "non-English speaking . . . Mexican citizen" was among the hardships that "no doubt inhibited his ability to timely file his § 2255 petition," equitable tolling was not established). Nor does reliance on help from an inmate advisor. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("Marsh alleges that his . . . post-conviction application was prepared by a prison inmate law clerk, who took approximately 170 days to prepare the application [and that] he should not be held responsible for delays caused by his reliance on the prison legal access program, and the time limitation should be tolled for the 170 days when the application was out of his hands. We disagree."), *cert. denied,* 531 U.S. 1194 (2001). Therefore, I agree that the petition is time-barred.

Alternatively, the petition is without merit. After the Tenth Circuit

remanded the case for further proceedings, Petitioner was permitted to amend his petition and he raises two claims: (1) his attorney, who "promised" him a sentence of five years, was ineffective for failing to challenge the sentence that imposed an "additional 27 months" in "breach" of his agreement; and (2) his sentence was unfair because his co-defendant received less time. *Doc. 12* at 1, 5.

Petitioner's plea agreement specifically provides in bold type that the **"defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court."** *See United States v. Arroyo-Gonzalez & Ochoa*, CR 03-2570 JP (Doc. 26 at ¶ 5.) Gonzales-Arroyo signed the plea agreement indicating that it had been read to him in Spanish, that he had reviewed it with his attorney and that he understood its terms. *Id.* at 7. During the plea hearing, where he was provided an interpreter and testified under oath, Petitioner told the Court that he had indeed reviewed the agreement with his attorney before he signed it and understood it. *Plea Agreement* at 4. He also told the Court that no one promised him anything beyond the plea agreement or forced him to plead guilty. *Id.* at 4-5.

Petitioner's "[s]olemn declarations in open court [that] carry a strong presumption of verity" directly contradict the assertions he makes here. Moreover, he cannot establish that the plea was involuntary or "breached" a promise made by

counsel.[4]

Finally, the presentence reports for both defendants reveal that the discrepancy in the two sentences is attributable to different criminal history categories. Petitioner's criminal history was two levels higher than his co-defendant and that accounts for the higher applicable Guideline range. It should be noted that Judge Parker sentenced Petitioner to the very lowest end of the Guideline range.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be dismissed as time-barred and, alternatively, as without merit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court

---

[4] *E.g., Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Silva,* 430 F.3d 1096, 1099-1100 (10th Cir. 2005), *cert. denied,* 126 S. Ct. 2318 (2006)*; see also, e.g., United States v. Dominguez Beltran,* 184 Fed. Appx. 799, 803-804 (10th Cir. 2006) ("Mr. Beltran stated his understanding at the plea hearing that the plea agreement was complete and that he was relying on no promises made to him outside its provisions. . . . We therefore reject as frivolous Mr. Beltran's claim that the government breached the plea agreement."); *United States v. Declerck,* 135 Fed. Appx. 167, 170 (10th Cir. 2005) ("We have reviewed the transcripts and are satisfied that the district court complied with Rule 11. Mr. DeClerck stated that he had not received any promises or assurances for entering the plea, and that he fully understood the plea agreement and the maximum penalty he might receive for entering the plea. There is no indication that Mr. DeClerck's plea was involuntary.").

pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE